### GRAY et al. v. WILLIAMS et al. (No. 1523.)

(Court of Civil Appeals of Texas. Beaumont. March 9, 1927. Rehearing Denied March 16, 1927.)

**Appeal and error ⊚⟿846(5)—Judgment dissolving injunction will be affirmed where justified by statement of facts, where no findings of fact or law were filed.**

Where trial judge did not file findings of fact or conclusions of law, a judgment based upon finding the allegations of petition untrue, dissolving a temporary injunction, will be affirmed where record contains a full statement of facts sufficient to sustain the finding.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by U. Gray and others against H. H. Williams and others. From a judgment dissolving a temporary injunction, the plaintiffs appeal. Affirmed.

O'Fiel & Reagan, of Beaumont, for appellants.
Robert A. Shivers, of Port Arthur, for appellees.

HIGHTOWER, C. J. The appellants U. Gray and others prosecute this appeal from an order and judgment of the district court of Jefferson county (Sixtieth judicial district), dissolving and setting aside a temporary injunction, which the judge of the court in vacation had theretofore granted in favor of appellants and against appellees.

The petition presented by appellants to the district judge, at the time he granted the temporary writ of injunction, alleged, in substance, the following as grounds for the writ: That the plaintiff U. Gray was the pastor of the Sixth Street Baptist Church of the city of Port Arthur, Tex., and that

the other plaintiffs constituted the board of deacons and board of trustees of the Sixth Street Baptist Church; that prior to the 19th of November, 1926, the defendants named in the petition, H. H. Williams and others, were members and officers of the Sixth Street Baptist Church of Port Arthur, but that since said date the defendants were no longer members of that church, nor held any office in the church, and that the defendants had no right to interfere with the control and workings of the church or to interfere with or in any manner control any of the affairs of said church, but that the plaintiffs, as pastor, board of deacons, and board of trustees of the church, respectively, were entitled to the control and management of the church and the affairs thereof, and were entitled to the possession, use, and control of the premises on Sixth street, in the city of Port Arthur, where the church was located, and were entitled to control and handle all the funds and finances belonging to the church for the use and benefit of the church and the members thereof, free from any interference by the defendants, who were claiming the right to the use, possession, and control of the church and church premises, and who were claiming also the right to manage and control the funds belonging to the church in one of the banks of the city of Port Arthur. The substance of the prayer was that the district judge grant to plaintiffs a temporary writ of injunction restraining the defendants from in any manner interfering with plaintiffs in the use and possession of the church premises on Sixth street, and from in any manner interfering with plaintiffs in the handling, control and management of the funds belonging to the church in one of the banks at Port Arthur, and that, upon final hearing, plaintiffs have judgment establishing their right to the use, control, and management of the church premises, and establishing their right to the use, control, and management of the funds belonging to the church, and that defendants be perpetually enjoined from in any manner interfering with the rights of the plaintiffs as so decreed.

The district judge of the Sixtieth judicial district, upon presentation to him of the petition for the temporary writ, granted the same as prayed for by the plaintiffs. Thereafter the cause came on for trial upon the merits in the district court, whereupon defendants filed their answer, and along with it their motion to dissolve the temporary writ of injunction. The answer, stated in substance, was a general denial, and also special denial of all the material allegations contained in the plaintiff's petition. The court, after hearing the evidence adduced upon the trial of all the parties, entered his order and judgment dissolving the temporary writ of injunction theretofore granted to the plaintiffs and refusing to perpetuate

the same, adjudging the costs against the plaintiffs, and it is from this order that the appeal is prosecuted.

The trial judge did not file findings of fact or conclusions of law, but there is a full statement of facts in the record upon which the order and judgment appealed from is based, and the judgment of the trial court involves a finding that none of the material allegations of the plaintiffs' petition were true, and the evidence, as shown by the statement of facts, is amply sufficient to sustain such finding. It is, therefore, the opinion of this court that the judgment appealed from should be affirmed, and it has been so ordered.